**08-10087.rr**

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10087-CIV-MARTINEZ-BROWN

LLOYD A. GOOD, JR.,
AND SUGARLOAF LODGE
TAVERN, INC.,

      Plaintiffs,

vs.

COMMERCE AND INDUSTRY
INSURANCE COMPANY,

      Defendant.

_____/

### REPORT AND RECOMMENDATION - MOTION TO DISMISS

**THIS MATTER** is before this Court on defendant's Motion to Dismiss Claims..., filed December 22, 2008, and referred to the undersigned for a Report and Recommendation on February 2, 2009.  The Court has considered the motion, the response, the reply, and all pertinent materials in the file.  The motion contains both requests for dismissal as well as striking paragraphs 9, 11, and 12.

For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material fact must be taken as true.  Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998).  In order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the

speculative level,...on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Furthermore, "[a] complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989). When it appears that on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate.  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Specifically, the motion seeks: (1) the dismissal of the claims of Lloyd Good, Jr. because he is not a proper claimant; (2) the striking of "bad faith" language in Count I; and (3) the dismissal of Count II - a claim for bad faith.  Although the parties disagree on whether Florida law or the law of New York is applicable, the Court need not resolve that question to resolve much of this motion. This is because, with the exception of the claims for attorney's fees, regardless of which law applies, the relief sought should be granted.

The claims of Lloyd Good, Jr. should be dismissed.  There is no dispute that he is not an insured under the policy and he has shown no legally supportable standing.  See Lewis v. Horne, 495 So. 2d 780 (Fla. 3d DCA 1986).  Indeed, the response concedes "that case is the law" (Resp. p. 5), but claims, without any legal support, that since Mr. Good is the owner of the policy and the "ultimate beneficiary" he "should have standing."  This Court rejects that unsupported argument.

The striking of the paragraphs should, at least in part, be granted.  The somewhat disjointed response does not address the claims regarding these paragraphs.  Count I, though couched in the fashion of a request for a declaratory decree, is really a claim for breach of the insurance contract.

2

Defendant claims that, under New York law, this claim does not lie. Plaintiff claims that Florida law should apply. For purposes of the motion to strike, this is irrelevant. Even if Florida law applies, a bad faith claim can only exist after a determination that coverage is applicable and that the carrier has breached the policy. <u>See</u>, <u>e.g.</u>, <u>Blanchard v. State Farm Mut. Auto. Ins. Co.</u>, 575 So. 2d 1289 (Fla. 1991); <u>Vanguard Fire & Casualty Co. v. Golmon</u>, 955 So. 2d 591 (Fla. 1st DCA 2006).

Turning first to paragraph 9 of the complaint, the Court finds no problem allowing that paragraph to stand, striking only the word "willfully" contained therein. Paragraph 11 should be stricken in its entirety as it is blatantly a "bad faith" allegation, unnecessary to be proven as a part of plaintiff's cause of action, and quite prejudicial. <u>See</u> Fed.R.Civ.P. 12(f).

Paragraph 12 is, quite simply, a claim for attorney's fees which would be allowable under Florida law (Fla. Stat. §624.155), but not under New York law (<u>see</u> <u>Flores-King v. Encompass Ins. Co.</u>, 818 N.Y.S. 2d 221 (N.Y. App.Div. 2006) (citing <u>New York Univ. v. Continental Ins. Co.</u>, 662 N.E.2d 763 (N.Y. Ct. App. 1995)).

In support of the argument that New York law applies, defendant notes that the contract calls for the application of New York law, and cites to the generally accepted principle of law that these provisions are presumptively valid. <u>See</u>, <u>e.g.</u>, <u>Walls v. Quick & Reilly, Inc.</u>, 824 So. 2d 1016, 1018 (Fla. 5th DCA 2002). That case noted the exception to this rule where "strong public policy" mandates a different result. <u>Id.</u> Coincidentally, this case addresses the issue of attorney's fees and finds support for the proposition that parties can contract away that right, and attorney's fees claims don't rise to the level of "strong public policy" so as to overcome the choice-of law in the contract. <u>Id</u> at 1019.

In response, plaintiff cites the case of <u>Continental Mortgage Investors v. Sailboat Key Inc.</u>,

3

354 So. 2d 67 (3DCA) (sic).  In that case there were documents which had a choice of law provision

that Massachusetts law would apply.  Plaintiff cites this case for the proposition that "the court found

that Massachusetts had no real connection with the transaction and thus the law of Florida applied"

(Resp. pp. 3-4).    That decision was quashed by the Florida Supreme Court (see Continental

Mortgage Investors v. Sailboat Key , 395 So. 2d 507 (Fla. 1981)) and the opinion cited and relied

on herein by plaintiff was vacated (see Continental Mortgage Investors v. Sailboat Key , 396 So. 2d

1230 (Fla. 3rd DCA 1981)).  This constitutes either an egregious and inexcusable error on the part

of plaintiff's counsel ... or worse, and will be further addressed in a separate order.  The only other

support for plaintiff's position comes from a District Court case, again mis-cited, from the District

of South Dakota (see Bayer v. Pipes, Joffray and Hopwood, 391 F. Supp. 471 (D. South Dakota)

(sic)), the correct cite being Boyer v. Piper Jaffray & Hopwood, Inc., 391 F. Supp. 471 (D. S.D.

1975) which is - to be kind - hardly enough to fly in the face of Florida law on this issue.

Therefore this Court concludes that New York law should apply and Count II should be

dismissed.

For the reasons stated, and the Court being otherwise fully advised in the premises, it is

Respectfully Recommended that the motion to dismiss and strike should be **GRANTED** in all

respects except for the minor revision of paragraph 9 of the complaint.

The parties have ten (10) days from the date of this Report and Recommendation within

which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States

District Judge for the Southern District of Florida.  Failure to file objections timely shall bar the

parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d

4

745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of February, 2009.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Jose E. Martinez
       counsel of record

5