UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division

**Case Number:08-10087-CIV-MARTINEZ-BROWN**

LLOYD A. GOOD, JR., and SUGARLOAF
LODGE TAVERN, INC.,

    Plaintiffs,

vs.

COMMERCE AND INDUSTRY INSURANCE
COMPANY,

    Defendant.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE BROWN'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge for a Report and Recommendation on Defendant's Motion to Dismiss Claims of Lloyd A. Good, Jr.; Motion to Strike Portions of Count I of Plaintiff Sugarloaf Lodge Tavern's Complaint and Motion to Dismiss Count II. Defendant moved to dismiss the claims raised by Plaintiff Lloyd A. Good Jr., arguing that he does not have standing in this suit.  Defendant also moved to strike paragraphs 9, 11, and 12 in Count I, arguing that these paragraphs impermissibly mixed together allegations of breach of the insurance policy and allegations of bad faith.  Finally, Defendant also moved to dismiss Plaintiff's bad faith claim in Count II. Magistrate Judge Brown filed a Report and Recommendation (D.E. No. 19), recommending that Defendant's motions be granted in part and denied in part.  Specifically, Magistrate Judge Brown recommended that the claims asserted by Plaintiff Lloyd A. Good Jr. be dismissed, that paragraphs 11 and 12 be

stricken, and that the word "willfully" be stricken from paragraph 9. Magistrate Judge Brown also found that the bad faith claim in Count II should be dismissed because this claim was governed by the New York choice of law provision in the policy and New York does not allow for such an action. Plaintiff objects in part to Magistrate Judge Brown's recommendation, objecting to their attorney's fees request being stricken in paragraph 12 and objecting to the dismissal of Count II. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge Brown's Report and Recommendation present, and after careful consideration, the Court adopts Magistrate Judge Brown's Report and Recommendation.

Plaintiff's objections center on its argument that the choice of law provision in the insurance policy does not apply to the bad faith claim in Count II. This Court disagrees. Provision VI. N of the policy provides:

> Choice of Law - In the event that the Insured and the Company dispute the validity or formation of this Policy or the meaning, interpretation or operation of any term, condition, definition or provision of this Policy resulting in litigation, arbitration or other form of dispute resolution, the Insured and the Company agree that the law of the State of New York shall apply.

(D.E. No. 1 at 17). Thus, it is clear that any dispute regarding the contractual terms is governed by the choice of law provision. In this case, the bad faith claim as alleged involves a dispute of the contractual terms.

Plaintiff specifically alleges in the Complaint that Defendant "in violation of the terms of the insurance policy has refused to pay the Plaintiff the amount that Plaintiff is due thereunder." (D.E. No. 1 at 3). In order to resolve Plaintiff's bad faith claim, the terms of the policy or contract would have to be interpreted. *See Allstate Insurance Co. v. Clohessy*, 32 F. Supp. 2d 1328, 1331 (M.D. Fla. 1998) (stating that the bad faith counterclaim asserted pursuant to section

624.155 of the Florida statutes asked the Court to find that the defendant "breached its obligations and duties under the policy . . . [and] [s]uch a finding or analysis . . . necessarily involves interpreting the provisions of the contract as well as what actions or inactions on behalf of . . . [the defendant] constitute grounds for a bad faith finding."). Thus, Plaintiffs' bad faith claim falls squarely within the choice of law provision, and this claim is governed by New York law.

The Court also rejects Plaintiff's numerous arguments which appear to ignore the contractual choice of law provision in this case, which is presumptively valid. *See Walls v. Quick & Reilly, Inc.*, 824 So. 2d 1016, 1018 (Fla. 5th DCA 2002). Plaintiff argues that the bad faith action is a product of a Florida statute, that Florida has the most significant relationship to this lawsuit, and that the matters concerning the performance of an insurance contract must be determined by the law of the place of performance. These arguments, however, are irrelevant and insignificant because this case involves a contractual choice of law provision. Plaintiff's arguments are relevant where there is no specific contractual choice of law provision, and the parties dispute which law is controlling. *See Gallina v. Commerce Industry, Ins.*, No. 06-cv-1529, 2008 WL 4491543, at *5 & n.6 (M.D. Fla. Sept. 30, 2008) (applying Florida's choice of law rules where it was undisputed that the insurance policy did not include a choice of law provision); *Pastor v. Union Central Life Ins. Co.*, 184 F. Supp. 2d 1301, 1304-05 (S.D. Fla. 2002) (noting that Florida courts adhere to the *lex loci contractus* rule, which provides that "absent a contractual choice of law provision, a contract is governed by the law of the state in which the contract is made.").

Finally, the Court rejects Plaintiff's arguments that the enforcement of this choice of law

provision violates Florida law because it prejudices the policyholder's rights as a Florida resident or because the enforcement of the provision would interfere with Florida's right to regulate foreign insurance companies transacting business in Florida. Both of these arguments are essentially arguments that the enforcement of the choice of law provision violates public policy.

"Florida courts are required to enforce choice of law provisions in contracts unless the law of the foreign state contravenes the strong public policy of Florida . . . ." *Default Proof Credit Card Sys., Inc. v. Friedland*, 992 So. 2d 442 (Fla. 3d DCA 2008). "The term 'strong public policy' means that the public policy must be sufficiently important that it outweighs the policy protecting freedom of contract." *Walls*, 824 So. 2d at 1018. In this case, Plaintiff has not cited any controlling case law holding that a choice of law provision such as the one at issue in this case is in violation of a Florida policy which sufficiently outweighs the parties' freedom to contract. *See L'Arbalete, Inc. v. Zaczac*, 474 F. Supp. 2d 1314, 1321 (S.D. Fla. 2007) (stating that "[a] choice of law provision in a contract is presumed valid until it is proved invalid; the party who seeks to prove such a provision invalid bears the burden of proof.") (internal citations omitted). Here, the Court finds that the enforcement of the choice of law provision at issue does not contravene a strong public policy of Florida. *See Continental Mortgage Invs. v. Sailboat Key, Inc.*, 395 So. 2d 507, 509 (Fla. 1981) (stating that "as with most shibboleths, the invocation of strong public policy to avoid application of another state's law is unwarranted" and upholding a usury choice of law provision).[1] Thus, the Court finds the choice of law provision controlling, and as New York law does not provide for a bad faith claim such as that asserted in Count II, *see*

---

[1] The Court also finds that New York law controls whether Plaintiff may recover attorney's fees in this action, and New York law provides that such fees are not recoverable. *Flores-King v. Encompass Ins. Co.*, 818 N.Y.S. 2d 221, 222 (N.Y. App. Div. 2006).

*Paterra v. Nationwide Mut. Fire Ins. Co.*, 831 N.Y.S.2d 468, 470 (N.Y. App. Div. 2007), this count is dismissed. Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge Brown's Report and Recommendation **(D.E. No. 19)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

Defendant's Motion to Dismiss Claims of Lloyd A. Good, Jr.; Motion to Strike Portions of Count I of Plaintiff Sugarloaf Lodge Tavern's Complaint and Motion to Dismiss Count II is **GRANTED in part** and **DENIED in part**. The motion is granted in that the Court dismisses the claims of Plaintiff Lloyd A. Good, Jr., the Court dismisses Count II, and the Court strikes paragraphs 11 and 12 and strikes the word "willfully" from paragraph 9. The motion is denied in all other respects. Defendant shall file an answer to the remaining portions of the complaint on or before **May 29, 2009**.

DONE AND ORDERED in Chambers at Miami, Florida, this 18 day of May, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record